UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:13-cv-74-RJC

| | |
|---|---|
| MARCUS RANDALL BROWN, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>ROY COOPER, North Carolina )<br>Attorney General, )<br>)<br>Respondent. )<br>) | ORDER |

**THIS MATTER** is before the Court on an initial review of the petition for a writ of error coram nobis, filed by Petitioner pursuant to the All Writs Act, 28 U.S.C. § 1651.

According to Petitioner, while represented by counsel, he was convicted in 1996 in Iredell County Superior Court following his pleas of guilty to felony possession of implements of housebreaking and felony presence in a building with intent to commit a felony. (Doc. No. 1 at 1). Through the present action, Petitioner contends, among other things, that his pleas of guilty were not knowing and voluntary because both his attorney and the trial court failed to inform him that by pleading guilty, he would necessarily forfeit valuable federal constitutional rights.

Petitioner moves this Court to set aside his 1996 convictions and explains that he has exhausted his remedies in State court which include filing a motion for appropriate relief in Iredell Count Superior Court, which was denied, and a petition for a writ of certiorari which was denied by the North Carolina Court of Appeals. (Id. at 2-4). Petitioner seeks to set aside the 1996 convictions because the State of North Carolina relied upon these convictions to support a charge of habitual felony. Petitioner was later found guilty of being a habitual felon and

1

sentenced to a term of 15 years and 2 months in the custody of the State of North Carolina. According to the website of the North Carolina Department of Public Safety, Petitioner is scheduled to be released from custody on November 21, 2022.

Petitioner's case must be dismissed for the simple reason that this court has no authority to issue a writ of coram nobis regarding a state court judgment. See, e.g., Lowery v. McCaughtry, 954 F.2d 422, 423 (7th Cir. 1992) ("We may dispose at once of Lowery's contention that a federal court may issue a writ in the nature of coram nobis annulling Georgia convictions."); Sinclair v. State of Louisiana, 679 F.2d 513, 514 (5th Cir. 1982) (affirming denial of a writ of coram nobis for the reasons stated by the district court who cited, among other cases, Madigan v. Wells, 224 F.2d 577 (9th Cir. 1955), cert. denied, 351 U.S. 911 (1956); and Booker v. State of Arkansas, 380 F.2d 240 (8th Cir. 1967)).

**IT IS, THEREFORE, ORDERED** that for the reasons stated herein, the petition for a writ of error coram nobis is **DENIED**. (Doc. No. 1).

**IT IS FURTHER ORDERED** that Petitioner's motion to appoint counsel is **DENIED**. (Doc. No. 3).

The Clerk of Court is directed to close this civil action.

Signed: July 9, 2013

Robert J. Conrad, Jr.
United States District Judge

2