UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:13-cv-74-RJC

| MARCUS RANDALL BROWN, | ) |
|---|---|
| Petitioner, | ) |
| v. | ) ORDER |
| ROY COOPER, | ) |
| Respondent. | ) |

**THIS MATTER** is before the Court on Petitioner's motion for reconsideration of the Court's Order dismissing his petition for a writ of *coram nobis* and denying his motion for appointment of counsel.

I. BACKGROUND

In the Order of dismissal, the Court found that Petitioner's effort to secure relief from a 1996 state felony convictions must fail because a federal district court has no authority to grant the relief from state convictions under a theory of *coram nobis*. See (Doc. No. 7: Order at 2). In the motion for reconsideration, Petitioner asks the Court to reconsider that conclusion, or in the alternate, to construe his challenge to the state convictions as being presented through a petition for a writ of habeas corpus under 28 U.S.C. § 2254. For the reasons stated in the Court's Order of dismissal, Petitioner's motion to reconsider granting relief through a writ of *coram nobis* is denied as is his renewed request for appointment of counsel. The Court will however conduct an initial review of Petitioner's petition for habeas relief under the provisions of 28 U.S.C. § 2254.

1

See Rule 4, 28 U.S.C.A. foll. § 2254.[1]

According to his petition, Petitioner was convicted for being a habitual felon on November 10, 2008, in Iredell County Superior Court.[2] Petitioner did not appeal from this judgment. Instead, Petitioner contacted North Carolina Prisoner Legal Services in 2009, but his effort to secure counsel to collaterally attack his conviction was ultimately denied in 2012. (Doc. No. 1 at 9). In the meantime, on December 13, 2010, Petitioner filed a pro se motion in Iredell County Superior Court seeking the transcript from his 1996 plea hearing. The clerk of court informed Petitioner that the requested transcript was unavailable. (Id. at 2). On June 7, 2012, Petitioner filed a motion for appropriate relief ("MAR") in the Iredell County Superior Court which was denied by the court on August 27, 2012. (Doc. No. 1-1 at 29). Petitioner filed a petition for a writ of certiorari with the North Carolina Court of Appeals and this was denied on October 12, 2012. (Doc. No. 1-1 at 133). Petitioner then filed a petition for a writ of *coram nobis* relief in Iredell County Superior Court on December 7, 2012. The court denied relief on January 18, 2013, Petitioner did not appeal, and the federal petition for *coram nobis* followed on or about April 24, 2013. (Doc. No. 1).

## II. DISCUSSION

In the federal petition, Petitioner argues that his 1996 felony convictions should be set

---

[1] The Court notes that Petitioner did not submit the $5.00 filing fee required for a Section 2254 petition. The Court has examined another pending federal habeas petition which Petitioner recently filed in this district and the affidavit submitted to proceed *in forma pauperis* in that action. Based on the evidence contained in the affidavit and the prisoner trust account, the Court finds that Petitioner does not have sufficient funds from which to pay the filing fee in either habeas action. The Court will therefore allow Petitioner to proceed without prepayment of the filing fee in the present action and direct the Clerk of Court to enter an Order directing that monthly payments be submitted from Petitioner's prisoner trust account in an amount consistent with the provisions of 28 U.S.C. § 1915.

[2] The predicate, state felony convictions which supported the habitual felon indictment were sustained on November 7, 1996, in Iredell County Superior Court. At the November 1996 court hearing, Petitioner was represented by counsel and entered guilty pleas to two felonies: one count of being present in a building with the intent to commit a felony, and one count of possession of implements of housebreaking. (Doc. No. 1 at 1-2). The court consolidated the convictions and sentenced Petitioner to a suspended term of 6-8 months' imprisonment and placed him on intensive probation for period of 36-months. (Doc. No. 1-1: Sentencing Tr. at 7).

aside as unconstitutional. Petitioner contends that he did not enter knowing and voluntary pleas because an insufficient factual basis was offered during his plea hearing and he did not understand the federal constitutional protections he was waiving. Petitioner further contends that his state counsel provided deficient representation during his plea hearing. As noted, Petitioner's 1996 convictions were relied upon by the state in charging him with being a habitual felon and he was convicted of that charge in 2008, and he is presently incarcerated on that conviction with a projected release date of December 21, 2022. Petitioner's goal in seeking habeas relief in this proceeding is to have the 1996 convictions set aside so that he could then challenge the 2008 habitual felon conviction.[3]

### A. State Custody

It does not appear that Petitioner presented any legal challenges to the constitutionality of the 1996 convictions until he filed his MAR in the Iredell County Superior Court on June 7, 2012. Thus, more than sixteen years have elapsed since the 1996 convictions became final; convictions for which he never served active time.

A "district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Excluding pretrial confinement, it is plain from this record that Petitioner was never placed in state custody for his 1996 convictions. Rather, Petitioner is currently in custody because of the state judgment which found him guilty of being a habitual felon. The Court finds that Petitioner has failed to demonstrate that he has met the statutory basis to attack a criminal

---

[3] Since the filing of this civil action, Petitioner has filed a federal habeas action again seeking to aside the 1996 convictions and to set aside the 2008 habitual felon conviction. See Case No. 5:13-cv-107-RJC (W.D.N.C. filed July 24, 2013).

3

judgment for which he has never been in custody. The Court finds that this Section 2254 proceeding should be dismissed for the foregoing reasons and for the reasons which are discussed below.

**B.     Timeliness**

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), as amended in 1996, provides in relevant part:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from timely filing;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).

Petitioner cannot satisfy any of the above provisions. The Court finds that Petitioner's 1996 judgment was filed on November 7, 1996, and he filed no state challenges until 2012, and no federal challenges until 2013. Petitioner's judgment was therefore final for purposes of federal habeas review on or about November 7, 1997. Petitioner's federal habeas action, filed at the earliest on April 24, 2013, is without question untimely and should be dismissed unless

Petitioner can demonstrate that he should be entitled to equitable tolling.[4]

C. **Equitable Tolling**

An untimely § 2254 petition can be considered on the merits if the petitioner successfully "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 130 S. Ct. 2549, 2562 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). The Court finds that Petitioner cannot demonstrate that he should be entitled to an equitable tolling of the one-year time limitation because the record demonstrates that the challenges to his 1996 guilty pleas are without merit. Further, notwithstanding the lack of merit, Petitioner cannot demonstrate that he has diligently pursued a challenge to the convictions sustained in 1996.

During his 1996 plea colloquy, Petitioner was represented by counsel and placed under oath. The court explained that Petitioner was agreeing to plead guilty to two felony charges and the court explained that the maximum punishment was 30 months' imprisonment. The court noted that the parties had agreed to have the charges consolidated for sentencing thereby reducing the maximum sentence to 15 months. Petitioner explained that he had reviewed the charges and possible punishment with his attorney and that he was satisfied with her services. Petitioner confirmed that he was pleading guilty of his own free will and that he fully understood what he was doing in deciding to plead guilty. The factual basis for the felony charges was explained by the district attorney and accepted by the Petitioner and the court. His counsel acknowledged Petitioner's acceptance of responsibility for his criminal conduct and the court

---

[4] In addressing the issue of the timeliness of this federal action, Petitioner contends that he "should not be precluded from seeking relief merely because he cannot satisfy a court that he had good cause for delay in seeking it." (Doc. No. 1 at 10). The Court finds Petitioner is well aware that the timeliness of his effort to obtain federal habeas relief is a critical issue and that no warning needs to be issued regarding timeliness. See Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002).

5

found that Petitioner's decision to plead guilty was made "freely, voluntarily, and understandingly." (Doc. No. 1-1: Sentencing Transcript at 2-5).

It is plain from this record that Petitioner's decision to plead guilty to the felonies in 1996 was the product of his discussions with counsel and he knowingly and voluntarily decided to plead guilty after having learned of the potential punishment. Further, there was an ample factual basis recounted by the state which supported the charges against him. Thus, Petitioner's challenge to his 1996 guilty pleas would have undoubtedly failed even if he had filed a habeas petition before November 7, 1997. For the foregoing reasons, Petitioner's bid for habeas relief will be denied and dismissed.

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's motion for reconsideration is **GRANTED** in part as to Petitioner's motion to have the Court construe the claims in his petition under 28 U.S.C. § 2254. (Doc. No. 9).

2. Petitioner's motion for reconsideration is **DENIED** as to his request to have counsel appointed and for *coram nobis* relief. (Doc. No. 9).

3. Petitioner's petition for a writ of habeas corpus for relief from his 1996 state convictions is **DENIED** and **DISMISSED** (Doc. No. 1);

4. Petitioner's motion a certificate of appealability is **DENIED**. (Doc. No. 10).

5. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c),

a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: October 4, 2013

Robert J. Conrad, Jr.
United States District Judge